UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA CARRIE ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:24-cv-00475-TLN-CKD PS<br><br>ORDER<br><br>(ECF No. 35) |

Plaintiff, who proceeds in this action without counsel, has filed a "Motion to Disqualify Judge Pursuant [to] 28 U.S.C. §§ 144, 455 and 636(b)(1)," and an "Objection to Court Order dated 10/09/2024." (ECF No. 35.) Based on the title and substance of the motion, the undersigned analyzed the motion as a motion to recuse.[1] See Narayan v. County of Sacramento, No. 2:19-cv-0466 TLN CKD PS, 2021 WL 3401404, at *1 (E.D. Cal. Aug. 4, 2021). In her motion, plaintiff requests recusal of both the undersigned and Chief District Judge Troy L. Nunley. Plaintiff's recusal motion is insufficient, and so is denied to the extent plaintiff requests recusal of the undersigned.

////

---

[1] In the title of plaintiff's motion, she objects to the minute order filed on 10/9/2024 by Chief District Judge Troy L. Nunley. (ECF No. 35.) However, in plaintiff's motion, she does not appear to actually object to the minute order, but uses it as grounds to argue for Chief District Judge Nunley's recusal. (See id. at 16-17.)

1

Legal Standard

Federal law allows a judge to recuse from a matter based on a question of partiality:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.  [¶]  He shall also disqualify himself . . . [¶] [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . .

28 U.S.C. § 455(a), (b)(1).  A party may seek recusal of a judge based on bias or prejudice:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.  [¶]  The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

28 U.S.C. § 144.  Relief under Section 144 is conditioned upon the filing of a timely and legally sufficient affidavit.  A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter.  See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980).  Nevertheless, where the affidavit lacks sufficiency, the judge at whom the motion is directed can determine the matter and deny recusal.  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995) (if the affidavit is legally insufficient, then recusal can be denied).

The standard for legal sufficiency under Sections 144 and 455 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"  Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).  To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source.  Sibla, 624 F.2d at 868-89.  A judge's previous adverse ruling alone is not sufficient for recusal.  Nelson, 718 F.2d at 321.

////

Analysis

To the extent plaintiff alleges bias, prejudice, and impartiality based on previous rulings against plaintiff, the motion for recusal is substantially insufficient.[2] (See ECF No. 35 at 12.) The motion fails to allege facts to support a contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source. Sibla, 624 F.2d at 868; see Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Plaintiff's] allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.").

Plaintiff further alleges that the undersigned has "personal knowledge of disputed evidentiary facts concerning the proceeding" and "a financial interest in the subject matter in controversy." (ECF No. 35 at 2.) These allegations are baseless and are founded on nothing more than speculation. See Brown v. Sagireddy, No. 2:14-cv-0338-JAM-AC P, 2015 WL 5676977, at *2 (E.D. Cal. Sept. 24, 2015); Luedtke v. Ciolli, No. 1:20-cv-01148-DAD-EPG HC, 2021 WL 1187267, at *2 (E.D. Cal. Mar. 30, 2021) (denying a motion for recusal that was frivolous and based on speculation); Clemens v. U.S. Dist. Court for Central Dist. of California, 428 F.3d 1175, 1178-79 (9th Cir. 2005) (stating that "baseless personal attacks" against a judge are not sufficient grounds for recusal under section 455(a)). "Section 455 does not require the judge to accept all allegations by the moving party as true. If a party could force recusal of a judge by factual allegations, the result would be a virtual 'open season' for recusal." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (citation omitted). "[A] judge, having

---

[2] Plaintiff does not cite a specific instance or specific ruling, however plaintiff alleges that the undersigned "made rulings that consistently favor government defendants due to her personal beliefs and relationships." (ECF No. 35 at 12.)

been assigned to a case, should not recuse [her]self on unsupported, irrational, or highly tenuous speculation." Id.

Thus, plaintiff's allegations are not extrajudicial, do not provide a basis for recusal, and result in denial of her motion.

Plaintiff's motion also objects under 28 U.S.C. § 636 to the undersigned hearing or ruling on her pending motion for judgment on the pleadings. (ECF No. 35 at 14-15.) Plaintiff cites 28 U.S.C. § 636(b)(1)(A) and (c), as the basis for her objections. (See id.) 28 U.S.C. § 636(b)(1)(A) provides that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except . . . for judgment on the pleadings." However, under section 636(b)(1)(B), a magistrate judge has the authority to hear and submit "proposed findings of fact and recommendations for disposition" on a judgment on the pleadings. Federal Rule of Civil Procedure 72(b)(1) also explains that a "magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense" and must enter a recommended disposition. The parties then have 14 days to file any objections to the magistrate judge's order. Fed. R. Civ. P. 72(b)(2). Subsequently, the District Judge conducts a *de novo* review of the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(3). Further, under Local Rule 302(c)(21), a magistrate judge in Sacramento performs all actions in civil matters where all "plaintiffs or defendants are proceeding in propria persona, including dispositive and non-dispositive motions and matters." Therefore, the undersigned can properly hear and make a recommendation on plaintiff's pending motion for judgment on the pleadings.

Section 636 further provides that upon consent of the parties, a magistrate judge may conduct any or all proceedings in a jury or non-jury civil matter and order entry of judgment in the case, but the parties may withhold consent without adverse substantive consequences. Id. § 636(c). Here, a District Judge is already assigned to this case, so any argument plaintiff makes regarding section 636(c) is moot.

/////

/////

**ORDER**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to recuse (ECF No. 35) is DENIED to the extent plaintiff requests recusal of the undersigned.

Dated:  October 29, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, roge.0475.24