UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA CARRIE ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants, | No. 2:24-cv-00475-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on pro se Plaintiff Paula Carrie Rogers's ("Plaintiff") Motion to Disqualify Magistrate Judge Carolyn K. Delaney and the undersigned. (ECF No. 35.) Plaintiff's motion to recuse Magistrate Judge Delaney was previously denied. (ECF No. 37.) For the reasons set forth below, the Court now also DENIES Plaintiff's motion to recuse the undersigned.

///
///
///
///
///

1

1  In seeking the undersigned's recusal, Plaintiff invokes 28 U.S.C. § 144 and 28 U.S.C § 455. (ECF No. 35 at 2–8.) "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quotation and citation omitted). Notably, the Supreme Court has explained, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554–56 (1994).

Here, Plaintiff has not provided any facts justifying the undersigned's recusal. Plaintiff's only complaint with the undersigned stems from the minute order issued on October 9, 2024. (ECF No. 35 at 16–17.) That minute order vacated the hearing before the undersigned regarding Plaintiff's Motion for Judgment on the Pleadings and ordered Plaintiff to re-notice or re-set the motion before the assigned magistrate judge in accordance with Local Rule 302(c)(21). (ECF No. 34.) Plaintiff alleges this action constituted misconduct. (ECF No. 35 at 16.) However, as the magistrate judge previously explained, under the Local Rules of the Eastern District of California, a magistrate judge in Sacramento performs all actions in civil matters, where, as here, all "plaintiffs or defendants are proceeding in propria persona[.]" E.D. Cal. L.R. 302(c)(21); (ECF No. 37 at 4.). By ordering Plaintiff to file her motion before the magistrate judge, the undersigned was simply complying with the local rules. No reasonable person would conclude such an action brings into question the undersigned's impartiality.

Finally, the Court notes that to the extent Plaintiff seeks to file a claim under the Judicial Conduct and Disability Act, 28 U.S.C. § 351, such a claim must be filed with the clerk of the court of appeals for the circuit. Additionally, while Plaintiff states she "withholds any further consent to the Magistrate's jurisdiction," such a statement does not change the Local Rules in this case. (ECF No. 35 at 15.)

Given the above, Plaintiff's motion to recuse as to the undersigned (ECF No. 35) is DENIED.

//

//

...

IT IS SO ORDERED.

DATE: December 5, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE