UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA CARRIE ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendant. | No. 2:24-cv-00475-TLN-CKD<br><br><br>**ORDER** |

Plaintiff Paula Carrie Rogers ("Plaintiff"), proceeding *pro se*, filed the above-entitled action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

On December 20, 2024, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days. (ECF No. 45.) On January 2, 2025, Plaintiff filed objections to the findings and recommendations. (ECF No. 46.) Defendant County of Sacramento and Defendants City of Elk Grove, Bobby Davis, Tina Durham, and Tisha Smith (the "City Defendants") filed replies. (ECF Nos. 47, 48.)

This court reviews *de novo* those portions of the proposed findings of fact to which an objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981); *see also Dawson v. Marshall*, 561 F.3d

1

930, 932 (9th Cir. 2009). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the matter on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

The Court notes that Plaintiff's claims under the Fourth Amendment and California Constitution article I, § 13 were analyzed together. (ECF No. 45 at 16–17.) The magistrate judge recommended City Defendants' motion to dismiss be denied with respect to Plaintiff's claims involving Defendant Durham's search and seizure of her vehicle under the Fourth Amendment. (*Id.* at 19–20.) Accordingly, City Defendants' motion to dismiss Plaintiff's claim under the California Constitution article I, § 13 should also have been denied.

Additionally, the magistrate judge analyzed Plaintiff's claims under the Equal Protection Clause of the Fourteenth Amendment and the California Constitution article I, § 7 together. (ECF No. 45 at 21-22.) Because the Equal Protection claim was dismissed without leave to amend, the claim under the California Constitution article I, § 7 should have also been dismissed without leave to amend.

However, the conclusion of the findings and recommendations states City Defendants' motion to dismiss all of Plaintiff's state law claims should be granted with leave to amend. (ECF No. 45 at 32–33.) Since the conclusion of the findings and recommendations was inconsistent with the foregoing analysis, the Court clarifies City Defendants' motion to dismiss Plaintiff's claim under the California Constitution article I, § 13 was *denied* as to Defendant Durham's search and seizure of Plaintiff's vehicle. City Defendants' motion to dismiss Plaintiff's claim under the California Constitution article I, § 7 was *granted without leave to amend*.

The magistrate judge also notes that Plaintiff "has provided no evidence that she complied with the California Government Claims Act by presenting her claim to the California Victim[s] Compensation and Government Claims Board." (*Id.* at 27.) California Government Code § 915 requires that a government claim "shall be presented to a local public entity" by: "(1) Delivering it to the clerk, secretary, or auditor thereof"; (2) "Mailing it to the clerk, secretary, auditor, or to

2

1  the governing body at its principal office"; or (3) "If expressly authorized by an ordinance or
2  resolution of the public entity, submitting it electronically to the public entity in the manner
3  specified by ordinance."  The Court clarifies that the Government Claims Act *does not* require
4  Plaintiff to present her claim to the California Victims Compensation Board or the Government
5  Claims Board, as the magistrate judge suggests.  Ultimately, however, because Plaintiff did not
6  include the administrative complaint that she filed with the Elk Grove Police Department, the
7  magistrate judge could not evaluate whether Plaintiff complied with the Government Claims Act
8  and correctly granted City Defendants' motion to dismiss on those grounds.

9        Finally, Plaintiff filed a request for judicial notice on January 14, 2025, "submit[ting]
10 judicial notice to Defendant's counsel reply."  (ECF No. 49 at 11.)  Plaintiff appears to be further
11 objecting to Defendants' replies.  However, Plaintiff already timely filed her objections to the
12 findings and recommendations.  Additionally, Plaintiff's request is not appropriately subject to
13 judicial notice.  *See* Fed. R. Evid. 201(b) (permitting courts to take judicial notice of factual
14 material: "(1) generally known within the trial court's territorial jurisdiction; or (2) can be
15 accurately and readily determined from sources whose accuracy cannot reasonably be
16 questioned").  Plaintiff's request for judicial notice (ECF No. 49) is accordingly denied.

17       The Court has reviewed the file.  With the exception of the foregoing provisions, the
18 Court finds the findings and recommendations to be supported by the record and by the
19 magistrate judge's analysis.

20       Accordingly, IT IS HEREBY ORDERED that:
21     1. Plaintiff's request for judicial notice (ECF No. 49) is DENIED;
22     2. The findings and recommendations (ECF No. 45) are ADOPTED in part;
23     3. The County of Sacramento's motion to dismiss (ECF No. 10) is GRANTED without
24        leave to amend;
25     4. Defendants City of Elk Grove, Davis, Durham, and Smith's ("City Defendants")
26        motion to dismiss (ECF No. 8) is GRANTED in part and DENIED in part as follows:
27        a. City Defendants' motion is DENIED as to Plaintiff's Fourth Amendment claim
28          and California Constitution article I, § 13 claim for an unreasonable search and

|   |   |
|---|---|
| 1 | seizure of her vehicle; |
| 2 | b. City Defendants' motion is GRANTED without leave to amend as to |
| 3 | Defendant Davis; |
| 4 | c. City Defendants' motion is GRANTED with leave to amend as to Defendant |
| 5 | Smith; |
| 6 | d. City Defendants' motion is GRANTED with leave to amend as to Defendant |
| 7 | City of Elk Grove; |
| 8 | e. City Defendants' motion is GRANTED with leave to amend as to the |
| 9 | following claims: |
| 10 |    i. The Title VI (42 U.S.C. § 2000d) claim; |
| 11 |    ii. The 42 U.S.C. § 1986 claim; |
| 12 |    iii. The 42 U.S.C. § 1981 claim; |
| 13 |    iv. The Bane Act Claim; |
| 14 |    v. The California Government Code §§ 11135 and 11139 claims; |
| 15 |    vi. The Intentional Infliction of Emotional Distress claim; and |
| 16 |    vii. The Negligent Infliction of Emotional Distress claim; |
| 17 | f. City Defendants' motion is GRANTED without leave to amend as to the |
| 18 | following claims: |
| 19 |    i. The initial traffic stop component of Plaintiff's Fourth Amendment |
| 20 |       claim; |
| 21 |    ii. The Equal Protection claim under the Fourteenth Amendment; |
| 22 |    iii. The California Constitution, article I,  7(a) claim; |
| 23 |    iv. The Commerce Clause claim; |
| 24 |    v. The Privileges and Immunities Clause claim; |
| 25 |    vi. The Omnibus Crime Control and Safe Street Acts of 1968 claim; and |
| 26 |    vii. The Declaratory Relief claim; and |
| 27 | 5. Plaintiff's motions for judgment on the pleadings (ECF Nos. 23, 30, 31) are DENIED. |
| 28 | // |

1   IT IS SO ORDERED.

2   Date: February 12, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5