UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA CARRIE ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No.  2:24-cv-00475-TLN-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 53) |

Plaintiff Paula Carrie Rogers paid the filing fee and filed this civil action without counsel. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

Presently before the Court is defendants City of Elk Grove, Bobby Davis, Tina Durham, and Tisha Smith's ("City defendants") motion to dismiss plaintiff's First Amended Complaint ("FAC"). (ECF No. 53.)  Because plaintiff failed to timely file an opposition, the Court vacated the hearing set for May 21, 2025, pursuant to Local Rule 230(c). (ECF No. 55.) Plaintiff filed an opposition on April 29, 2025 (ECF No. 56) and defendants filed a reply (ECF No. 57).

In the FAC, plaintiff alleges defendants discriminated against her in violation of federal and state laws during a traffic stop because of her race.  Pursuant to Rule 12(b)(6), defendants move the Court for an order dismissing the complaint.  For the reasons set forth below,

1

defendants' motion to dismiss should be granted without leave to amend.

I. **Procedural Background**

Plaintiff filed a complaint on February 15, 2024, and paid the filing fee. (ECF No. 1.) The complaint named five defendants: the County of Sacramento; the City of Elk Grove[1]; Bobby Davis, Chief of Police; Detective Tina Durham; and Officer Tisha Smith. On March 18, 2024, the City defendants and the County defendant each moved to dismiss plaintiff's complaint for failure to state a claim. (ECF Nos. 8, 10.)

On December 20, 2024, the undersigned issued findings and recommendations (ECF No. 45), which were adopted in part by the District Judge (ECF No. 50). The County of Sacramento's motion to dismiss was granted and claims against the County were dismissed without leave to amend. (ECF No. 50 at 3.) The City defendants' motion to dismiss was granted in part and denied in part. (*Id.*) The City defendants' motion was denied as to Plaintiff's Fourth Amendment and California Constitution article I, § 13 claims for unreasonable search and seizure of her vehicle. (*Id.* at 3-4.) The motion was granted without leave to amend as to defendant Davis (*id.* at 4) and granted with leave to amend as to defendants Smith and the City of Elk Grove (*id.*). The motion was granted with leave to amend as to the following claims: Title VI (42 U.S.C. § 2000d); 42 U.S.C. § 1986; 42 U.S.C. § 1981; the Bane Act; the California Government Code §§ 11135 and 11139; intentional infliction of emotional distress; and negligent infliction of emotional distress. (*Id.*) The motion was granted without leave to amend as to the following

---

[1] Plaintiff names the City of Elk Grove on the cover of her FAC as a defendant, however the body of the complaint discusses allegations against the Elk Grove Police Department. (*See, e.g.*, ECF No. 52 at 4.) The City defendants acknowledge this and state that the City of Elk Grove and the Elk Grove Police Department should be treated as one and the same for purposes of the FAC. (ECF No. 53 at 8.) Because the police department is considered an entity of the city, the City of Elk Grove is an appropriate defendant in this case. *See Gunn v. Stanton Correctional Facility*, 2021 WL 1402141, at *2 (E.D. Cal. Apr. 4, 2021); *Cantu v. Kings County*, 2021 WL 411111, at *1 (E.D. Cal. Feb. 5. 2021) (recognizing split within district courts regarding whether naming a sheriff's department is redundant or duplicative of the municipal entity; but finding that weight of authority finds that claims against a municipality and its respective police departments are treated as claims against the municipality and not subject to suit under 1983); *see also Kamath v. United States Dep't of Homeland Security*, 2024 WL 1077328, at *2 (N.D. Cal. Mar. 12, 2024) (agreeing to substituting the city and county in place of the police department as a defendant where plaintiff did not object).

1 claims: the initial traffic stop component of plaintiff's Fourth Amendment claim; the Equal
2 Protection claim under the Fourteenth Amendment; the California Constitution, article I, 7(a)
3 claim; the Commerce Clause claim; the Privileges and Immunities Clause claim; the Omnibus
4 Crime Control and Safe Street Acts of 1968 claim; and the Declaratory Relief claim. (*Id.*)

5 On March 10, 2025, plaintiff filed the FAC. (ECF No. 52.) On March 31, 2025, the City
6 defendants filed a motion to dismiss (ECF No. 53), which is fully briefed (ECF Nos. 56, 57).

7 **II.    Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

8 Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory
9 or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*
10 *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In evaluating whether a complaint states a claim
11 on which relief may be granted, the court accepts as true the allegations in the complaint and
12 construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*,
13 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

14 "[R]ecitals of the elements of a cause of action, supported by mere conclusory statements,
15 do not suffice" to state a valid claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A
16 complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of
17 the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In
18 order to state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief
19 that is plausible on its face." *Id.* at 570. A claim that is plausible on its face has sufficient factual
20 content to allow a reasonable inference that the defendant is liable for the misconduct alleged.
21 *Iqbal*, 556 U.S. at 678. This plausibility standard "asks for more than a sheer possibility that a
22 defendant has acted unlawfully." *Id.*

23 The court must construe a pro se pleading liberally to determine if it states a claim and,
24 prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity
25 to cure them if it appears at all possible that the plaintiff can correct the defect. *See Lopez v.*
26 *Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *accord Balistreri*, 901 F.2d at 699
27 (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are
28 involved"); *see also Hebbe v. Pliler,* 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts

continue to construe pro se filings liberally even when evaluating them under the standard announced in *Iqbal*). Nevertheless, courts are not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**III.    Discussion**

        **A.  Allegations in the First Amended Complaint**

Plaintiff brings the FAC against the City of Elk Grove, Bobby Davis, Tisha Smith, Tina Durham, and Does 1-100 only. (ECF No. 52 at 1, 6.) Plaintiff makes general allegations that the Elk Grove Police Department engages in and condones "a continuing pattern and practice of race-based stops, detentions and searches of African-American motorists traveling on the public streets of Elk Grove in the State of California." (*Id.* ¶ 1.) She alleges that the Elk Grove Police Department has "long relied upon race and ethnicity in conducting stops, detentions, interrogations and searches of motorists." (*Id.* ¶ 17.) She states that police officers "constantly pull over cars driven by African-Americans, for certain traffic violations, but rarely pull over white drivers for the same violations." (*Id.* ¶ 18.) Plaintiff alleges that Elk Grove Police Department "policy permits officers to detain a motorist during any traffic stop for the purpose of conducting a search" even without probable cause. (*Id.* ¶ 20.) Plaintiff claims that defendant City of Elk Grove and Elk Grove Police Department supervisors "have been aware [Elk Grove Police Department] officers are engaging in racial profiling, yet have failed and refused to stop it, thereby showing deliberate indifference to the rights of African-American motorists." (*Id.* ¶ 24.)

Specifically, plaintiff alleges that on July 17, 2023, she was stopped and detained by defendant Durham for alleged traffic violations. (*Id.* ¶ 23.) Plaintiff states that defendant Durham did not obtain a warrant before searching and impounding her vehicle. (*Id.*) Plaintiff alleges that she was racially profiled by defendant Durham, whom she alleges was "observing traffic during the day when the racial identity of a driver is more easily identified." (*Id.* at 8.) Plaintiff states that defendant Smith failed to intervene in the search and seizure of plaintiff's vehicle. (*Id.*)

The only mention plaintiff makes about defendant Davis is that he is sued in his official capacity. (*Id.* ¶ 16.)

Plaintiff alleges nine different federal and state claims: (1) "Violation of Title VI of the Civil Rights Act of 1964" and 42 U.S.C. § 1983; (2) violation of the Fourth Amendment and § 1983; (3) violation of 42 U.S.C. §1981; (4) violation of 42 U.S.C. § 1986; (5) violation of California Government Code sections 11135 and 11139; (6) violation of the California Constitution Article 1, § 13; (7) violation of California Civil Code section 52.1(b); (8) intentional infliction of emotional distress; and (9) negligent infliction of emotional distress. (*Id.* at 10-18.) Plaintiff seeks an injunction and damages. (*Id.* at 18-20.)

### B. Defendant Davis

In the City defendants' motion to dismiss, they argue that plaintiff improperly names defendant Davis in the FAC when defendant Davis was already dismissed without leave to amend. (ECF No. 53 at 11-12.) The Court already granted dismissal of defendant Davis without leave to amend. (ECF No. 45 at 11; ECF No. 50 at 4.)

### C. Defendant Smith

The City defendants argue that plaintiff's attempt to allege that defendant Smith failed to intervene in her fellow officer's alleged violation of plaintiff's constitutional rights fails because plaintiff has not pled sufficient facts to support a failure to intervene claim. (ECF No. 53 at 12-13.)

Plaintiff fails to state a claim against defendant Smith on the facts alleged. Plaintiff states that defendant Smith "failed to intervene in search and seizure of vehicle having knowledge of the wrongs conspired and committed by [defendant] Durham." (ECF No. 52 ¶ 23.) Plaintiff further alleges that defendant Smith "having power to prevent or aid in preventing the commission of the same, neglected or refused to do so." (*Id.*)

Plaintiff has failed to allege specific facts against defendant Smith to state a claim. She does not explain how defendant Smith was involved in the traffic stop or what actions she took. Plaintiff's conclusory allegations that defendant Smith could have prevented defendant Durham's actions is not enough to state a claim. Accordingly, plaintiff's claims against defendant Smith should be dismissed.

/////

### D. Defendant City of Elk Grove

#### a. Claim 2: *Monell* Liability

The City defendants move to dismiss plaintiff's § 1983 claims against the City of Elk Grove because the complaint does not satisfy the *Monell* doctrine.[2] (ECF No. 53 at 13-14.) While plaintiff does not specifically include the City of Elk Grove in the second claim, plaintiff makes allegations about the City of Elk Grove's policies and practices. Reading plaintiff's complaint liberally, the Court interprets the FAC as asserting claims against the City of Elk Grove under *Monell*. Plaintiff alleges that the policy of the Elk Grove Police Department "permits officers to detain a motorist during any traffic stop for the purpose of conducting a search" even though "the officers have no probable cause, or even reasonable suspicion, that the motorists are carrying illegal drugs or engaged in any criminal activity." (ECF No. 1 ¶ 19.) Plaintiff further asserts that "all Defendants and [Elk Grove Police Department] supervisors and management" condone and encourage the search practices. (*Id.* ¶ 20.) Plaintiff also alleges that Defendants generally "institute, authorize, tolerate, ratify permit and acquiesce in policies, practices and customs of detentions, interrogations, searches and seizures without probable cause." (*Id.* ¶ 43.) Plaintiff asserts that the City of Elk Grove and Elk Grove Police Department supervisors "have been aware [Elk Grove Police Department] officers are engaging in racial profiling, yet have failed and refused to stop it, thereby showing deliberate indifference to the rights of African-American motorists." (*Id.* ¶ 24.)

Under *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658 (1978), "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). "[A] policy is 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Oviatt By and Through Waugh v. Pearce*, 954 F.2d

---

[2] Plaintiff includes § 1983 in the first claim, but this claim is substantively only about 42 U.S.C. § 2000d. The Court will analyze plaintiff's second claim under § 1983.

6

1470, 1477 (9th Cir. 1992) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "A 'custom' for purposes of municipal liability is a 'widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law.'" *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1147 (E.D. Cal. 2009) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). After establishing one of the methods of liability, "a plaintiff must also show that the circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional deprivation." *Id.*

Here, plaintiff was given the opportunity to amend her complaint as to the § 1983 claims against defendant City of Elk Grove to the extent she could allege additional facts to support her claim. Plaintiff still has not alleged facts sufficient to show that the City of Elk Grove engaged in a practice, pattern, or custom that resulted in the violation of plaintiff's constitutional rights. *Hill v. City of Sacramento*, 2022 WL 17821715, at *5 (E.D. Cal. Dec. 20, 2022). Plaintiff's allegations are still conclusory; she does not allege any formally adopted written policies or describe specific customs or practices. *See Smith v. City of Marina*, 709 F. Supp. 3d 926, 936 (N.D. Cal. 2024). Plaintiff was informed that she needed to allege more than general statements that the City engaged in race-based stops and detentions and provide examples of specific policies or practices the City followed (ECF No. 45 at 12-13); but she has failed to do so here. Accordingly, plaintiff's complaint fails to state a claim. See *AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (after *Iqbal*, *Monell* claim must provide facts demonstrating existence of policy or custom, not merely assert elements of municipal liability).

Plaintiff also still has not alleged facts sufficient to show that there was any failure to train officers. Section 1983 does not provide for respondeat superior liability. *Monell*, 436 U.S. at 691. However, a municipality can be found liable for the actions of its agents where there is a failure to train. *Doe v. City of San Diego*, 198 F. Supp. 3d 1153, 1167 (S.D. Cal. 2016). "[T]he

inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). To state a claim for failure to train, a plaintiff must allege at the pleading stage "that (1) [s]he was deprived of a constitutional right, (2) the City had a training policy that amounts to deliberate indifference to the [constitutional] rights of the persons with whom [its police officers] are likely to come into contact and (3) [her] constitutional injury would have been avoided had the City properly trained those officers." *Doe*, 198 F. Supp. 3d at 1167 (quoting *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007)). In the context of a failure to train claim, the Supreme Court has found that to show deliberate indifference the municipal actor must disregard a known or obvious consequence of his action, which ordinarily requires that there be a pattern of similar constitutional violations by untrained employees. *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011). However, "in a narrow range of circumstances, a pattern of similar violations might not be necessary to show deliberate indifference." *Connick*, 563 U.S. at 63 (citation and quotation marks omitted).

Here, plaintiff still has provided no evidence that defendant Davis ignored a known consequence of his actions or that there is a pattern of untrained officers. *Connick*, 563 U.S. at 61-62. Plaintiff describes one traffic incident where she was pulled over. *Hyde v. City of Willcox*, 23 F.4th 863, 875 (9th Cir. 2022) ("an inadequate training policy . . . cannot be inferred from a single incident").

Plaintiff's *Monell* claims against the City of Elk Grove should be dismissed.

### b. Claim 1: Title VI of the Civil Rights Act of 1964

Plaintiff alleges "race discrimination in federally funded programs" against the Elk Grove Police Department. (ECF No. 1 ¶¶ 32-40.) Plaintiff alleges that "methods employed by the [Elk Grove Police Department] have a discriminatory impact on motorists of color traveling through California, including plaintiff[]." (*Id.* ¶ 36.) Plaintiff alleges that the Elk Grove Police Department engaged in intentional discrimination. (*Id.* ¶ 38.) The City defendants argue that plaintiff's allegations largely mirror the allegations in her original complaint and make conclusory claims. (ECF No. 53 at 16.)

42 U.S.C. § 2000d provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "[P]rivate individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages." *Alexander v. Sandoval*, 532 U.S. 275, 279 (2001). "To state a claim for damages under 42 U.S.C. § 2000d, *et seq.*, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on another ground by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1133 (9th Cir. 2001). "Title VI itself directly reach[es] only instances of intentional discrimination." *Alexander*, 532 U.S. at 281 (alteration in original) (citation omitted).

Here, plaintiff still fails to state a claim against the City of Elk Grove under Title VI. Plaintiff alleges that the Elk Grove Police Department receives federal funds. (ECF No. 52 ¶ 35.) However, she continues to only makes general allegations that the "methods employed" by the Elk Grove Police Department have a discriminatory impact on motorists of color. (*Id.* ¶ 36.) She states that the Elk Grove Police Department has "relied upon race and ethnicity in conducting stops, detentions, interrogations and searches of motorists" and that they have engaged in an "unabated, continuing pattern and practice or discrimination." (*Id.* ¶ 17.) She also alleges that "motorists of color, particularly African-American motorists, are targeted and subjected to these practices at grossly disproportionate rates." (*Id.* ¶ 22.) However, plaintiff still does not provide any facts supporting her general allegations or show how defendant Elk Grove Police Department *intentionally* discriminated against plaintiff based on her "race, color, or national origin." Plaintiff's allegations involve a traffic stop where she was pulled over. Plaintiff has not pled facts that support a claim that the Elk Grove Police Department intentionally discriminated against her based on this traffic stop. *See Iqbal*, 556 U.S. at 678. Plaintiff's claims relating to Title VI should therefore be dismissed.

### 2. Defendant Durham

The only facts alleged in plaintiff's FAC relate to the traffic stop on July 17, 2023,

1  involving Defendant Durham.  The Court notes that the description of the incident provides
2  minimal facts compared to the description in plaintiff's initial complaint. In the description of the
3  incident, plaintiff alleges that she was subjected to an unreasonable search and seizure and racial
4  profiling by Defendant Durham.  (ECF No. 52 ¶ 23.)  Accordingly, the Court will analyze
5  plaintiff's remaining claims with respect to defendant Durham.

### a.  Claims 2 and 6: Unreasonable Search and Seizure

In the Court's previous findings and recommendations (ECF No. 45) which were adopted in part by the District Judge (ECF No. 50), the Court denied the City defendants' motion to dismiss plaintiffs Fourth Amendment claim and California Constitution article I, § 13 claim for unreasonable search and seizure of her vehicle. Plaintiff realleges both claims in the FAC, but provides much less detail. The City defendants did not further challenge the Fourth Amendment claim.  (ECF No. 53 at 8.)  However, the City defendants did move to dismiss plaintiff's claim under the California Constitution article I, § 13 arguing that there is no private right of action under this provision.  (*Id.* at 21-22.)  Defendants cite to a recent case from this District that found no private right of action under article I, § 13 of the California Constitution.  (*Id.* (citing *Lesher v. City of Anderson*, 763 F. Supp. 3d 1115 (E.D. Cal. 2025)).

"It is not clear that any California appellate courts have addressed whether monetary damages are available under Article 1, section 13 of the California Constitution, and Courts in this circuit have been reluctant to address the issue without further guidance from California courts."  *Murphy v. Moore*, 2024 WL 4349472, at *9 (E.D. Cal. Sept. 30, 2024), report and recommendation adopted, 2024 WL 4654329 (E.D. Cal. Nov. 1, 2024).  "[T]his Court has consistently held that article 1, section 13 of the California constitution does not confer a private right of action for damages."  *Lesher*, 763 F. Supp. 3d at 1121; *Wood v. County of Stanislaus*, 2024 WL 3951113, at *9 (E.D. Cal. Aug. 27, 2024) (citing *Est. of Hennefer v. Yuba Cnty.*, 2023 WL 4108077, at *7 (E.D. Cal. June 21, 2023); *Risse v. Porter*, 2020 WL 1433144, at *8 (E.D. Cal. Mar. 24, 2020); *Hin v. U.S. Dep't of Just. United States Marshals Serv.*, 2022 WL 705617, at *5 (E.D. Cal. Mar. 9, 2022)).  Plaintiff has not cited any authority providing otherwise. Accordingly, the City defendants' motion to dismiss plaintiff's direct claim under Article I,

section 13 of the California Constitution should be granted without leave to amend. *See Wood*, 2024 WL 3951113, at *9 (dismissing a claim under article 1, section 13 of the California Constitution where Plaintiff sought monetary relief, as amendment would be futile). However, "[a]lthough [the California Constitution Article 1, Section 13], on its own, does not provide for monetary damages, nothing suggests that Plaintiff may not use it as the underlying predicate to its Bane Act claim." *Agro Dynamics, LLC v. United States*, 692 F. Supp. 3d 1003, 1020 (S.D. Cal. 2023).

### b. Claim 3: 42 U.S.C. § 1981

Plaintiff's third claim is for a violation of 42 U.S.C. § 1981. The City defendants argue that plaintiff has not corrected the defects outlined in the findings and recommendations and that the allegations are essentially the same. (ECF No. 53 at 16-17.)

Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Plaintiff's § 1981 claim still fails because "Section 1981 establishes substantive rights that a state actor may violate. It does not itself contain a remedy against a state actor for such violations. A plaintiff seeking to enforce rights secured by § 1981 against a state actor must bring a cause of action under § 1983." *Yoshikawa v. Seguirant*, 74 F.4th 1042, 1047 (9th Cir. 2023). Nor does the substance of plaintiff's complaint make out a claim. "To state a claim pursuant to section 1981, a plaintiff must allege (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Keum v. Virgin America Inc.*, 781 F.Supp.2d 944, 954 (N.D. Cal. 2011). The FAC still fails to state any facts linking defendants' activity to an intent to discriminate. Plaintiff has not alleged any facts showing that her race was the reason she was pulled over. Plaintiff's conclusory allegation that defendants' actions "were the result of

1 discriminatory intent" (ECF No. 52 ¶ 47) is insufficient.  Because plaintiff has not properly
2 brought her claim under § 1983 and has not substantively stated a claim under § 1981, plaintiff's
3 claim should be dismissed.

### c. Claim 4: Claim under 42 U.S.C. § 1986

Plaintiff's fourth claim is for violation of 42 U.S.C. § 1986.  Plaintiff argues that defendants "by way of a conspiracy among them" have caused plaintiff's civil rights to be violated.  (ECF No. 52 ¶ 49.)  The City defendants argue that plaintiff's claim fails because she provides the same conclusory allegations that she provided in the original complaint and does not allege sufficient facts to support her claim.  (ECF No. 53 at 17-18.)

In order to state a claim under section 1986, plaintiff must state a valid claim under section 1985.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988.)  Under section 1986, a person is liable if they know of an impending violation of section 1985 but does not prevent the violation.  *Id.*  As relevant here, liability exists under section 1985(2), if

> [T]wo or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2).  A conspiracy claim under § 1985(2) requires a direct or indirect purpose to deprive any persons of the equal protection of the laws, or the equal privileges or immunities under the laws, and a class race-based animus.  *See Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (en banc).  Under section 1985(3), liability exists

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . .

42 U.S.C. § 1985(3).  A racial, or other class-based, invidiously discriminatory animus is an indispensable element of the claim.  *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-69 (1993).

Here, plaintiff's section 1986 claim still fails because she has not adequately pled a claim

1 under section 1985. For this reason, the City defendants' motion to dismiss regarding plaintiff's
2 section 1986 claim should be granted.

### 3. Plaintiff's State Law Claims

The City defendants argue that plaintiff's state law claims for damages are barred by the presentation requirements of the California Government Claims Act. (ECF No. 53 at 18-21.) Under the California Government Claims Act,[3] set forth in California Government Code sections 810 *et seq.*, a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the local public entity by: (1) "Delivering it to the clerk, secretary, or auditor thereof"; (2) "Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office"; or (3) "If expressly authorized by an ordinance or resolution of the public entity, submitting it electronically to the public entity in the manner specified by the ordinance." Cal. Govt. Code § 915. Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint. *Id.* at 1237, 1240; *see also Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d. 1470, 1477 (9th Cir. 1995). The plaintiff must present facts demonstrating compliance, rather than simply conclusions suggesting as much. *Shirk v. Vista Unified School Dist.*, 42 Cal.4th 201, 209 (2007). Such requirements also apply to state law claims included in a federal action. *See Volis v. Housing Auth. of the City of L.A. Emps.*, 670 F. App'x 543, 544 (9th Cir. 2016) (unpublished).

To be timely, a claim must be presented "not later than six months after the accrual of the cause of action." Cal. Govt. Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov.

---

[3] *See Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1124 (9th Cir. 2013) ("Consistent with the California Supreme Court, we 'adopt the practice of referring to the claims statutes as the Government Claims Act, to avoid the confusion engendered by the informal short title Tort Claims Act.'" (quoting *City of Stockton v. Superior Court*, 42 Cal. 4th 73 (2007)).)

1  Code, § 945.6, subd. (a)(1). Federal courts must require compliance with the California
2  Government Claims Act for pendant state law claims that seek damages against state employees
3  or entities. *Willis v. Reddin*, 418 F.2d 702, 704-05 (9th Cir. 1969); *Mangold*, 67 F.3d at 1477.
4  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed
5  only if the claims were presented in compliance with the applicable exhaustion requirements.
6  *Karim-Panahi*, 839 F.2d at 627; *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 1001 (C.D.
7  Cal. 2008).

8  Here, plaintiff has not alleged that she filed an administrative complaint with the Elk
9  Grove Police Department. Plaintiff has included an exhibit titled "Citizen Complaint Form" that
10 she filed with the Elk Grove Police Department (ECF No. 52 at 27), however this form explicitly
11 states "Warning This Is Not a Claim for Damages Form." Accordingly, plaintiff has not properly
12 complied with the presentation requirements, and the City defendants' motion to dismiss should
13 be granted as to plaintiff's state law claims.

### a. Claims 8 and 9: Tort Causes of Action

15 Plaintiff's eighth and ninth claims for intentional infliction of emotional distress and
16 negligent infliction of emotional distress also fail because plaintiff has not sufficiently plead the
17 elements of these claims. Plaintiff alleges in various places in her complaint that defendants'
18 actions caused her humiliation, mental pain and suffering. (*See, e.g.*, ECF No. 52 ¶ 30.) The City
19 defendants argue that plaintiff has not adequately pled the elements of the claims. (*See* ECF No.
20 53 at 25-26.)

21 Plaintiff's claims do not specify the specific individuals who committed the torts or what
22 specific duties are owed to the plaintiff. *See J.C. v. City of Vallejo*, 2024 WL 5146021, at *6
23 (E.D. Cal. Dec. 17, 2024). "Negligent infliction of emotional distress is a form of the tort of
24 negligence; plaintiff must demonstrate facts satisfying the elements of duty, breach of duty,
25 causation, and damages." *Hill*, 2022 WL 17821715, at *7; (citing *Huggins v. Longs Drug Stores*
26 *California, Inc.*, 6 Cal.4th 124, 129 (1993)). In California "there is no independent tort of
27 negligent infliction of emotional distress;" rather, "[t]he tort is negligence, a cause of action in
28 which a duty to the plaintiff is an essential element." *Potter v. Firestone Tire & Rubber Co.*, 6

Cal.4th 965, 984 (1993).  The existence of a duty is a question of law.  *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.*, 48 Cal.3d 583, 588 (1989).  The elements of a cause of action for negligent infliction of emotional distress are: (1) the "defendant engaged in negligent conduct"; (2) the "plaintiff suffered serious emotional distress"; and (3) the "defendants' negligent conduct was a cause of the serious emotional distress." *Butler-Rupp v. Lourdeaux*, 134 Cal.App.4th 1220, 1226 n.1 (2005).

Plaintiff has offered no facts supporting any of the elements or described how she suffered serious emotional distress.

A claim for intentional infliction of emotional distress requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (citation and internal quotation marks omitted).  A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.*

Here, plaintiff also has not offered any facts showing that any defendants' conduct was so extreme that it exceeded all bound of what is usually tolerated.  She also has not demonstrated that defendants acted in any way that would cause her emotional distress.

For these reasons, plaintiff's emotional distress claims should be dismissed.

### b. Claim 5: California Government Code §§ 11135 and 11139

Plaintiff's fifth claim asserts that the Elk Grove Police Department violated the California Government Code sections 11135 and 11139, alleging that the "methods employed by the [Elk Grove Police Department] discriminate against African-American motorists traveling through Elk Grove."  (ECF No. 52 ¶ 56.)  The City defendants argue that plaintiff has not alleged that they denied her participation in any program or activity receiving state financial assistance.  (ECF No. 53 at 21.)

Under California Government Code section 11135, state agencies and state-funded programs cannot subject anyone to discrimination on the basis of, among other things, race.

Section 11139 sets out the remedy for any violations of section 11135. For the same reasons that the Court concludes Plaintiff has not stated a claim for intentional discrimination on the basis of race under Title VI or for violation of the equal protection clause, the Court also concludes that Plaintiff has not adequately alleged that she was discriminated against because of her race. Plaintiff fails to state a claim for violation of California Government Code sections 11135 and 11139 and the City defendant's motion to dismiss regarding claim five should be granted and plaintiff's claim should be dismissed.

### c. Claim 7: California Civil Code § 52.1(b)

The Tom Bane Civil Rights Act, California Civil Code § 52.1, "protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'" *Reese v. County of Sacramento*, 888 F.3d 1030, 1040-41 (9th Cir. 2018). When a Bane Act claim is based on an alleged federal constitutional violation, plaintiffs may rely on the same allegations to prove that defendants deprived them of a constitutional right and threatened, intimidated or coerced them. *See id.* at 1043 ("[T]he Bane Act does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged."). "[P]roving a Bane Act claim," however, "requires specific intent to violate protected rights." *Agro Dynamics, LLC v. United States*, 692 F. Supp. 3d 1003, 1019 (S.D. Cal. 2023) (citing *Sandoval v. County of Sonoma*, 912 F.3d 509, 519 (9th Cir. 2018)).

> The specific intent inquiry for a Bane Act claim is focused on two questions: First, "[i]s the right at issue clearly delineated and plainly applicable under the circumstances of the case," and second, "[d]id the defendant commit the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right?" So long as those two requirements are met, specific intent can be shown "even if the defendant did not in fact recognize the unlawfulness of his act" but instead acted in "reckless disregard" of the constitutional right.

*Sandoval*, 912 F.3d at 520 (citations omitted).

Here, while the Court previously found that plaintiff stated a claim based on her federal constitutional rights, she has not alleged any facts that show any defendant had a "specific intent"

16

to violate plaintiff's rights. Therefore, the City defendants' motion as to plaintiff's seventh claim should be granted and plaintiff's claim should be dismissed.

IV. **Leave to Amend**

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. *See Davis v. Miranda*, 2020 WL 1904784, at *2 (E.D. Cal. Apr. 17, 2020). Leave to amend should be freely granted when justice so requires, Fed. R. Civ. P. 15(a), and if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se, *Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted)). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06; *Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").

Here, plaintiff was given an opportunity to amend her claims, and she did not cure the defects identified. Therefore, it appears that further leave to amend would be futile. Accordingly, plaintiff's claims should be dismissed without leave to amend.

V. **Conclusion**

For the reasons set forth above, IT IS HEREBY RECOMMENDED as follows:

1. Defendants City of Elk Grove, Davis, Durham, and Smith's ("City defendants") motion to dismiss (ECF No. 53) be granted and plaintiff's claims dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 6, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, roge.0475.24